<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD KAPLAN, | : | |
| | : | Civil Action No. 13-2554 (JEI) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Richard Kaplan
F.C.I. Otisville
P.O. Box 1000
Otisville, NY  10963
    Petitioner <u>pro</u> <u>se</u>

James Jamari Buxton
Office of the United States Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, NJ  07102
    and
Robert Stephen Stigall
Office of the United States Attorney
401 Market Street
P.O. Box 2098
Camden, NJ  08101
    Counsel for Respondent

**IRENAS**, District Judge

Richard Kaplan ("Petitioner"), a prisoner currently confined at the Federal Correctional Institution at Otisville, New York, has submitted a Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the Motion will be dismissed with prejudice as untimely.

I. BACKGROUND

On March 31, 2008, federal criminal proceedings were commenced against Petitioner pursuant to a sealed Complaint. See United States v. Kaplan, Crim. No. 08-0581, Docket Entry No. 1 (D.N.J.). On April 3, 2008, this Court appointed a Federal Public Defender to represent Petitioner. Id., Docket Entry No. 5. On May 7, 2008, private practitioner Scott A. Resnik, Esq., was substituted as counsel for Petitioner. On August 18, 2008, Petitioner waived indictment and pled guilty to a one-count Information charging him with using an interstate facility and the mail in attempting to commit a murder for hire, in violation of 18 U.S.C. §§ 2 and 1958(a). Id., Docket Entries Nos. 12-16.

On January 1, 2009, before sentencing, Mr. Resnick moved to withdraw as Petitioner's counsel. Id., Docket Entry No. 18. On March 6, 2009, this Court granted the request and appointed Frederick W. Klepp, Esq., as counsel for Petitioner in the criminal matter. Id., Docket Entry No. 20. On June 11, 2009, again before sentencing, Petitioner moved through his new counsel to withdraw his previously-entered guilty plea. Id., Docket Entry No. 25. In support of that Motion, Petitioner argued that his prior counsel, Mr. Resnick, had a conflict of interest and had failed to provide constitutionally-required effective assistance, in that counsel's fees were being paid by Petitioner's cousin, that the cousin did not want to pay the fees necessary to go to trial, and that, therefore, Mr. Resnick improperly persuaded Petitioner to plead guilty. Id. On

2

November 23, 2009, the parties submitted, and this Court granted, a Consent Order withdrawing the Motion to withdraw the guilty plea. Id., Docket Entry No. 35. Thereafter, on March 24, 2010, this Court entered judgment against Petitioner, imposing a 108-month term of imprisonment to be followed by a three-year term of supervised release. Id., Docket Entry No. 38.

Petitioner timely appealed. Id., Docket Entry No. 39. On April 6, 2011, the Court of Appeals for the Third Circuit dismissed the appeal. Id. Docket Entry No. 47. See also United States v. Kaplan, No. 10-1964 (3d Cir.). The Court of Appeals issued its mandate on April 28, 2011.

This Motion, placed in the prison mail system on April 18, 2013, (Motion at 12), followed. Here, Petitioner asserts as grounds for relief: (1) ineffective assistance of trial counsel, based upon an alleged conflict of interest (as described above with reference to the Motion to withdraw guilty plea in Criminal Action No. 08-0581) and a failure to conduct an appropriate investigation, which Petitioner alleges would have revealed that an informant was lying, and (2) that his guilty plea was not knowing and intelligent because he was under the influence of psychotropic medications and because his counsel had improperly persuaded him to plead guilty. (Motion, Ex. A.)

## II. ANALYSIS

Section 2255 provides, in pertinent part, that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

28 U.S.C. § 2255. Thus, Petitioner is entitled to relief only if he can establish that he is in custody in violation of federal law or the Constitution.

A one-year period of limitation applies to Section 2255 motions. Pursuant to Section 2255(f), the limitation period shall run from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A federal criminal conviction becomes "final," within the meaning of § 2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. U.S., 537 U.S. 522, 527 (2003) (citations omitted). Under Rule 13 of the Rules of the Supreme Court of the United States, a petition for writ of certiorari must be filed within 90 days after entry of the judgment sought to be reviewed.[1]

Here, all of Petitioner's claims were known to him, or could have been known to him through the exercise of due diligence, when his conviction became final on July 5, 2011, 90 days after the Court of Appeals dismissed his appeal on April 6, 2011. Therefore, he had until July 5, 2012, to file a § 2255 Motion, in order for it to be considered timely. Petitioner placed this

---

[1] This 90-day period is measured from the date the lower court enters the challenged order or judgment, not from the date the Court of Appeals issues its mandate. Sup. Ct. R. 13(3).

Motion into the prison mail system on April 18, 2013,[2] more than nine months after the limitation period expired. Accordingly, the Motion will be dismissed with prejudice as time-barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court was correct in its determination that the Motion is untimely. Accordingly, no certificate of appealability will issue.

---

[2] Pursuant to the federal "mailbox rule," see Houston v. Lack, 487 U.S. 266 (1988) and Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), this Court deems the Motion "filed" as of April 18, 2013.

5

## IV. CONCLUSION

For the reasons set forth above, the Motion shall be dismissed with prejudice as untimely.

No certificate of appealability will issue. An appropriate Order follows.

                                                 s/ Joseph E. Irenas
                                                Joseph E. Irenas
                                                United States District Judge

Dated: 7/24/13