***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |  |
|---|---|---|---|
| RICHARD KAPLAN, | : | | |
| | : | Civil No. | 13-2554 (NLH), |
| Petitioner, | : | | 13-5295 (NLH), |
| | : | | 14-1007 (NLH) |
| v. | : | **OPINION** | |
| | : | | |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Respondent. | : | | |
| | : | | |

APPEARANCES:
Richard Kaplan, # 28621-050
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963
    Petitioner, Pro se

HILLMAN, District Judge

Presently before the Court is the motion of Petitioner Richard Kaplan "directing all Courts to Reverse [their] Erroneous Decision[s] Based Upon Government Informant John Garafalo being a Government Agent," which is essentially a motion seeking relief from this Court's judgments dismissing as time barred Petitioner's three motions to vacate his sentences for public corruption and murder for hire charges brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which Petitioner filed in all three of his prior federal habeas cases. (Docket No. 13-2554 at ECF No. 17; Docket no. 13-5295 at ECF No. 23; Docket No. 14-1007

at ECF No. 13).

Also before this Court are numerous motions Petitioner has filed in Docket No. 13-2554 which are either directly or indirectly related to Petitioner's Rule 60(b) motion including: two motions to correct IFP status (Docket No. 12-2554 at ECF Nos. 15, 16), a motion for a full and fair hearing on Petitioner's Rule 60(b) motion (Docket No. 13-2554 at ECF No. 18), two motions for a teleconference (Docket No. 13-2554 at ECF Nos. 19, 24), a motion for transportation to any hearing on the 60(b) motion (Docket No. 13-2554 at ECF No. 20), a motion to intervene in any hearing on the 60(b) motion (Docket No. 13-2554 at ECF No. 21), and a motion to appoint counsel in relation to the 60(b) motion. (Docket No. 13-2554 at ECF No. 22).  For the following reasons, this Court denies Petitioner's Rule 60(b) motion, and will in turn deny Petitioner's remaining motions.

I. BACKGROUND

Because of the nature of Petitioner's motion, only a brief recitation of the background facts surrounding Petitioner's convictions and three motions to vacate is necessary here.  The Honorable Joseph E. Irenas summarized the basic facts underlying Petitioner's criminal convictions in a related case Petitioner

2

brought pursuant to 42 U.S.C § 1983:

> [Petitioner] is a federal prisoner currently incarcerated at FCI Otisville, New York. In 2007, [Petitioner] pled guilty to a one-count information charging him with violating 18 U.S.C. § 666 by receiving corrupt cash payments and other services in exchange for official action on his part as a rehabilitation construction inspector in New Brunswick, New Jersey. While in prison following his guilty plea, [Petitioner] attempted to engage the services of a hit man to commit murder for hire with the help of a fellow inmate[, John Garafalo]. This fellow inmate contacted authorities and acted as a cooperating witness, introducing Plaintiff to an undercover law enforcement officer posing as a hit-man. [Petitioner] then attempted to hire this undercover officer to murder [his] spouse. As a result, [Petitioner] was charged with and pled guilty to a one-count information for murder for hire [on August 18, 2008]. [Petitioner] was thereafter sentenced and remains in prison.

Kaplan v. Holder, No. 14-1740, 2015 WL 1268203, at *1 (D.N.J. Mar. 18, 2015) (record citations omitted); see also Kaplan v. United States, Nos. 13-5295 and 14-1007, 2015 WL 1268194, at *1-2 (D.N.J. Mar. 18, 2015); Kaplan v. United States, No. 13-2554, 2013 WL 3863923, at *1 (D.N.J. July 24, 2013).

On or about April 22, 2013, Petitioner filed a motion to vacate his sentence for murder for hire under Docket Number 13-2554. (Mot. To Vacate, Docket No. 13-2554 at ECF No. 1). On July 24, 2013, Judge Irenas entered an order and opinion dismissing

3

that motion as time barred. See Kaplan, 2013 WL 3863923 at *2-*3. Petitioner filed a motion to amend the judgment in that matter, which Judge Irenas denied on November 25, 2013. (Docket No. 13-2554 at ECF No. 9). Petitioner appealed,[1] and the Third Circuit denied him a certificate of appealability and dismissed his appeal on April 9, 2014. (Order of USCA, Docket No. 13-2554 at ECF No. 14).

On or about September 3, 2013, Petitioner filed another motion to vacate, this time aimed at correcting his first sentence for receiving corrupt payments. (Mot. To Vacate, Docket No. 13-5295 at ECF No. 1). Before that matter was decided, Petitioner filed a second motion to vacate challenging that same conviction on or about February 14, 2014. (Mot. To Vacate, Docket No. 14-1007 at

---

[1] Petitioner initially neither filed an application to proceed in forma pauperis nor paid the fee for this appeal. (Docket No. 13-2554 at ECF Docket Sheet Entry for ECF No. 10). Petitioner thereafter filed for and was granted in forma pauperis status on appeal. (Docket No. 13-2554 at ECF no. 13). In June of 2015, Petitioner filed two motions seeking to correct the notes on the docket sheet noting his initial failure to pay the fee or file an application to proceed in forma pauperis on appeal in both his § 2255 matter and his related criminal cases. (Mots. To Correct IFP Status, Docket No. 13-2554 at ECF Nos. 15, 16). The notes on the docket sheet, however, remain factually correct in so much as no fee had yet been paid at the time the notes were written. Because the notes were accurate when written, and because the ECF Docket notes in no way prejudice Petitioner, Petitioner's motions to correct the docket sheet are without a proper basis and will be denied.

4

ECF No. 1). In a consolidated opinion issued on March 18, 2015, Judge Irenas dismissed both motions as time barred. See Kaplan, 2015 WL 1268194, at *3-6. Petitioner appealed, and the Third Circuit affirmed by denying Petitioner a certificate of appealability on October 13, 2015. (Order of USCA, Docket No. 13-5295 at ECF No. 24).

On or about February 10, 2015, Petitioner filed a civil complaint raising civil rights claims against numerous individuals including informant John Garafolo, an FBI agent, the Governor of New Jersey, and a prison in which Petitioner had been housed. (Comp., Docket No. 15-1150 at ECF No. 1). In that action, Petitioner filed motions for a teleconference, an evidentiary hearing, and service of process. (Mots., Docket No. 15-1150 at ECF Nos. 5-7). On August 27, 2015, Magistrate Judge Clark denied those motions without prejudice as Petitioner's complaint had not yet been screened pursuant to 28 U.S.C. § 1915A. (Order, Kaplan v. Garafalo, Docket No. 15-1150 at ECF No. 8). In that order, Magistrate Judge Clark noted that § 1915A applies in any civil action where a prisoner seeks redress against a governmental entity, officer, or employee. (Id.). Petitioner apparently misunderstood Judge Clark's statement to suggest that John Garafalo, Petitioner's former cellmate who acted as an informant

5

against him, must be a government agent, when in fact Judge Clark merely noted that because Petitioner was suing government entities and employees including a prison, the governor of New Jersey, and agents of the FBI, his complaint was subject to screening under the statute. (Id.).

On or about October 6, 2015, Petitioner filed his Rule 60(b) motion in all three of his federal habeas cases. (Mot., Docket No. 13-2554 at ECF No. 17; Docket no. 13-5295 at ECF No. 23; Docket No. 14-1007 at ECF No. 13). The motions filed in all three cases are essentially identical. (Id.). In his motion, Petitioner asserts that all prior orders dismissing his § 2255 motions must be overturned as John Garafalo was actually a federal agent, and not an informant as previously stated. (Id. at 3-4). In support of this assertion, Petitioner provides only his own base assertion that he has conducted his own investigation and "uncovered" that Garafalo was paid "$75,000,00 [sic]" to entrap him and Judge Clark's order, which Petitioner asserts "INDIRECTLY states that John Garafalo is a Government agen[t] [FBI]." (Id.).

**II. DISCUSSION**

**A. Petitioner's Rule 60(b) Motion**

Petitioner seeks relief from this Court's prior orders

6

dismissing his § 2255 motions as time barred on the basis of allegedly newly discovered evidence and alleged fraud on the part of the Government.  "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." Jones v. Citigroup, Inc., Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting Moolenaar v. Gov't of the Virgin Islands, 822 F.3d 1342, 1346 (3d Cir. 1987).

Where a motion is based on an assertion of newly discovered evidence, Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial.  Any party requesting such relief bears a heavy burden." Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., 434 F. App'x 109, 111 (3d Cir. 2011) (quoting Compass Tech., Inc. v. Tseng Labs., Inc., 71 F.3d 1125, 1130 (3d Cir. 1995)).  A motion alleging fraud on the part of an opposing party, however, must prove fraud or a misrepresentation occurred by clear and convincing evidence

7

and that the fraud or misrepresentation "prevented the moving party from fully and fairly presenting his case." Id. at 111-12 (internal quotations omitted).

Petitioner's motion must fail because Petitioner fails to provide any support for his assertion that he has "discovered" that Garafalo was somehow a government agent. While Petitioner asserts that he has conducted his own investigation and that alleged investigation has confirmed this "fact," Petitioner provides no documentation to that effect. Petitioner fails even to provide an affidavit setting forth his own beliefs on the matter. Instead, Petitioner relies on his own conclusory allegations and a misreading of Magistrate Judge Clark's order in his civil rights action. To the extent Petitioner relies on that order, Judge Clark in no way suggested, directly or indirectly, that Garafalo is a government agent of any kind. Instead, Judge Clark's order merely notes that, because Petitioner sued others who *are* either government employees, agents, or entities, Petitioner's complaint was subject to screening pursuant to 28 U.S.C. § 1915A. Judge Clark's order provides absolutely no support for the assertion that Garafalo is a government agent. Petitioner's motion is thus completely devoid of factual support. As such, this Court finds that Petitioner has failed to provide

8

clear and convincing evidence in support of his fraud allegations, and that Petitioner has likewise failed to show that he has discovered any "new evidence" whatsoever, let alone new evidence which would have had a bearing on his underlying cases. As such, Petitioner's motion must be denied on its merits. Floorgraphics Inc., 434 F. App'x at 111-12.

There is, however, an additional problem with Petitioner's motion. Where a Rule 60(b) motion is based on claims of new evidence or fraud, a motion brought pursuant to Rule 60(b) must be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner filed his instant motion in October 2015. Petitioner's first § 2255 motion, in Docket Number 13-2554, was decided by way of an order and opinion dated more than two years earlier on July 24, 2013. See Kaplan, 2013 WL 3863923 at *2-*3. Thus, Petitioner's Rule 60(b) motion is time barred to the extent that it is raised in relation to Docket Number 13-2554. See, e.g., GLeS Inc. v. MK Real Estate Dev. & Trade Co., 530 F. App'x 153, 154 (3d Cir. 2013).

In so much as Petitioner addresses his other two § 2255 motions, Docket Numbers 13-5295 and 14-1007, those cases dealt not with his conviction for murder for hire, a charge which was based in part on information provided by Garafalo acting as an informant,

9

but instead with his earlier corrupt payment charges, for which Petitioner had already been sentenced prior to meeting Garafalo. See Kaplan, 2015 WL 1268194, at *3-6. As such, even were Petitioner to have provided legitimate evidence regarding Garafalo being a government agent, that evidence would be of absolutely no value to his challenge to his conviction for receiving corrupt payments. Petitioner's motion is therefore without merit for that reason as well. As Petitioner's motion is without merit, it shall be denied as to all three of Petitioner's § 2255 cases in which it was filed.

**B. Petitioner's Remaining Motions**

The remaining motions Petitioner has filed in Docket Number 13-2554, including his motion for a full and fair hearing (Docket No. 13-2554 at ECF No. 18), for a teleconference (Docket No. 13-2554 at ECF No. 19, for transportation (Docket No. 13-2554 at ECF No. 20), to intervene in the hearing on November 2 (Docket No. 13-2554 at ECF No. 21), to appoint counsel (Docket No. 13-2554 at ECF No. 22), and for a further teleconference (Docket No. 13-2554 at ECF No. 24); are all dependent upon the merits of his Rule 60(b) motion. As Petitioner himself notes in those motions, they all relate to his request that this Court reverse all previous

decisions dismissing his various § 2255 motions.  As Petitioner's Rule 60(b) motion is patently without merit, it provides no basis for a hearing, teleconference, the appointment of counsel, or the transportation of Petitioner to New Jersey for a hearing or conference.  As Petitioner's Rule 60(b) motion is without merit, and as there is in turn no basis to grant Petitioner's remaining motions, this Court will deny those motions.

### III. CONCLUSION

For the reasons stated above, Petitioner's motions for relief from this Court's judgments under Rule 60(b), for the correction of IFP status, for a teleconference, for transportation, to intervene, for the appointment of counsel, and for a hearing are DENIED.  An appropriate order follows.


December 15, 2015                __s/ Noel L. Hillman_
                                 Hon. Noel L. Hillman
                                 United States District Judge